DECISION AND JUDGMENT ENTRY
This is an appeal from a Washington County Common Pleas Court judgment in which the court found Lewis L. Lowers, Jr., defendant below and appellant herein, in contempt for failing to pay child support pursuant to a court order. The court also awarded a $39,401.38 judgment to Lori Kress[1] for child support arrearages.
Appellant raises the following assignment of error:
 "THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN GRANTING A JUDGMENT TO THE APPELLEE CALCULATED ON INCOME THAT HE DID NOT REASONABL[Y] BELIEVE WAS ACCRUING AND ON MONEY THAT HE DID NOT IN FACT RECEIVE."
On June 16, 1986, the parties were divorced. One child was born during the course of the parties' marriage, Lewis L. Lowers III, born September 23, 1984.
The parties' divorce decree awarded appellee custody of the child and ordered appellant to pay $267.30 per month as child support. Appellee subsequently filed a motion to modify child support. On July 3, 1989, the trial court modified child support to $91.80 per week. The trial court's order stated:
 "Due to [appellant's] quarterly income, it is the order of this Court that the support be paid in the following manner:
 "A. The sum of $45.00 per week together with an additional $5.00 toward arrearage.
 "B. That the additional sum of $658.58 (including poundage) be paid quarterly, four (4) times per year, to be paid commencing with the end of the second quarter of 1989."
Appellant did not appeal the trial court's July 3, 1989 decision and at no point did appellant seek to modify the court's July 3, 1989 order.
At the time of the court's July 3, 1989 order, appellant worked for Metropolitan Life Insurance Company (MetLife). Appellant received quarterly bonuses while employed with MetLife. In October of 1990, appellant stopped working for MetLife.
Appellant continued to receive Washington County Child Support Enforcement Agency (CSEA) reports indicating that appellant's weekly child support obligation is $45 per week and that appellant "also is charged $658.59 quarterly per Journal Entry filed" July 3, 1989.
On March 1, 2001, CSEA filed a motion for an order to show cause why appellant should not be found in contempt and a motion for judgment on child support arrearages. CSEA argued that appellant has failed to pay child support pursuant to the court's July 3, 1989 order.
On September 28, 2001, the trial court held a hearing regarding CSEA's motion. At the hearing, appellant stated that he believed that his obligation to pay the quarterly amount of $658.58 was based upon his employment situation in July of 1989. In July of 1989, appellant received quarterly bonuses. Appellant testified that he thought that his obligation to pay the quarterly amount of $658.58 was extinguished once he terminated his employment.
On November 8, 2001, the trial court found appellant in contempt of the July 3, 1989 order that required appellant to pay child support. The court sentenced appellant to thirty days in jail "as punishment" for the contempt. The court suspended appellant's sentence, provided he comply with his obligation to pay child support. The court awarded $39,401.38 to appellee as child support arrearages owing as of September 27, 2001. The court further ordered appellant to pay "his current child support obligation weekly in the amount of $91.80." Appellant filed a timely notice of appeal.
In his sole assignment of error, appellant asserts that the trial court's judgment regarding the $39,401.38 arrearage is against the manifest weight of the evidence.[2] In particular, appellant argues that the trial court erred by including the quarterly amount of $658.58 in calculating the child support arrearages. Appellant claims that he was deprived of his due process rights because he lacked notice that the quarterly amount continued to accrue as child support arrearages upon his termination from employment at MetLife.
Appellee contends that the trial court's judgment is not against the weight of the evidence and that appellant's due process rights were not violated. Appellee asserts that the trial court's July 3, 1989 order unambiguously ordered appellant to pay $91.80 per week, which accounted for his quarterly income of $658.58. Appellee argues that because appellant had notice of the court's July 3, 1989 order, and because that order was never modified, appellant's due process rights could not have been violated.
In the case sub judice, we conclude that the trial court's finding that appellant's arrearage totals of $39,401.38 is not against the manifest weight of the evidence. The record contains CSEA reports indicating that appellant owed $45 per week in child support, plus $658.58 per quarter as child support. CSEA submitted an accounting showing that appellant is in arrears for $39,401.38. A trial court's finding of fact will not be reversed if supported by some competent, credible evidence. C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. See, also, Bellamy v. Bellamy (May 19, 2000), Erie App. No. E-99-042 (citing James v. James (1995), 101 Ohio App.3d 668, 684,656 N.E.2d 399).
Moreover, we disagree with appellant that he lacked notice that the quarterly amount continued to accrue after his termination from MetLife. As we noted above, the record contains CSEA reports that indicate that appellant owed $45 per week in child support, plus $658.58 per quarter as child support. We find nothing in the record to indicate that the trial court's July 3, 1989 order, which obligated appellant to pay $91.80 per week, or $45 per week plus $658.58 per quarter, was modified. Appellant did not appeal the July 3, 1989 order. Furthermore, appellant did not seek to modify the July 3, 1989 order. Simply because appellant terminated his employment with MetLife, which served as the initial basis for the July 3, 1989 order, does not mean that the July 3, 1989 order became ineffective. See, generally, Nelson v. Nelson (1990),65 Ohio App.3d 800, 804, 585 N.E.2d 502 (stating that "it would be unreasonable in all circumstances to permit the parents, either individually or jointly, to absolve themselves of this duty of support by entering into an agreement between themselves to that effect subsequent to a court order"); see, also, Weber v. Weber, Jackson App. No. 01CA7, 2001-Ohio-2648. As the Nelson court explained:
"[T]his court is hard pressed to uncover case law which permits the parents to enter into an agreement which effectively modifies a court order, made by the court after determining, pursuant to statutory guidelines, what is in the best interest of the children. Generally speaking, in this court's view, any subsequent adjustment in support, such as an alteration, modification or curtailment, should only be `legally effective' when undertaken by a similar court action." Id. at 805.
Thus, because a valid court order existed that required appellant to pay $91.80 per week, or $45 per week plus $658.58 per quarter, appellant had notice that the quarterly amount continued to accrue. Consequently, we disagree with appellant that his due process rights were violated. Although we sympathize with appellant's view of this matter, he and others similarly situated should undertake court action to modify existing support orders when circumstances have changed the underlying facts that formed the basis of the support order.
Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Kline, J.: Concur in Judgment Opinion.
[1] Lori Kress did not file an appellate brief. Rather, the Washington County Child Support Enforcement Agency filed an appellate brief.
[2] We note that appellant does not appear to challenge the trial court's finding of contempt. Rather, appellant challenges the amount of arrearages.